# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50214 | **DATE** | 12/23/2002 |
| **CASE TITLE** | WEST BEND MUTUAL INS. CO. vs. LASERCARE SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Campa's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12-23-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff West Bend Mutual Insurance Co. brought this Declaratory Judgement action, pursuant to 28 U.S.C. § 2201, against Lasercare Services, Inc., Christopher Sparacino, Felipe R. Campa, and Gordon Food Services, Inc. West Bend seeks a declaration by this court that it owes no duty to defend or indemnify Lasercare Inc., or its employee, Christopher Sparacino, pursuant to a Business Auto Insurance policy issued to Lasercare, Inc. by West Bend. Jurisdiction in this court is proper under 28 U.S.C. § 1332(a), and venue is proper in this court pursuant to 28 U.S.C. § 1391(a). Before the court at this time is defendant Campa's motion to dismiss pursuant to FED. R. CIV. P. 12(b).[1]

The issue in West Bend's declaratory judgement complaint stems from an automobile accident. On October 15, 2001, Sparacino and Campa, employees of Lasercare, Inc., were involved in a collision with a vehicle owned by Gordon Food Services, Inc. Campa filed a lawsuit against Gordon Food Services, Inc. in this court, asserting the court's diversity jurisdiction. See Case No. 01 C 50441. In that same case, Gordon Food Services Inc. filed a Third-Party Complaint against Sparacino and Lasercare, Inc. for indemnification or contribution if Gordon is found liable to Campa. West Bend issued Lasercare, Inc. an insurance policy for the vehicles used in its business, and that policy was in effect at the time of the accident. West Bend seeks a declaratory judgement that it has no duty to defend or indemnify Lasercare Inc., or Sparacino under the policy in relation to the Third-Party Complaint filed by Gordon Food Services, Inc. It is undisputed that Illinois substantive law applies. Erie RR. Co. v. Tompkins, 304 U.S. 64 (1938).

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir.1997). Any ambiguities in the complaint are construed in favor of the plaintiff. Kelly v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir.1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support his claim. Strasburger v. Board of Education, 143 F.3d 351, 359 (7th Cir.1998), cert. denied, 525 U.S. 1069 (1999).

Campa's motion to dismiss argues that the complaint determines facts necessary to the underlying case, and is therefore premature. Courts in a declaratory judgment action may not determine whether the insured is actually liable nor may it determine any facts upon which the insured's liability is based. State Farm Fire & Casualty Co. v. Hatherley, 250 Ill. App. 3d 333 (1st Dist. 1993). However, where the issues in an underlying suit and a declaratory judgment action are separable, deciding the question of coverage in a collateral proceeding prejudices no party. Murphy v. Urso, 88 Ill. 2d 444, 455 (1981).

Taking as true the allegations in the complaint, the court finds that the issues in the two actions are separable, and no party will be prejudiced by allowing the declaratory judgment action to proceed. The complaint asserts plaintiff has no duty to defend or indemnify its insured, Lasercare, with respect to the third-party complaint, due to the exclusions contained in the policy issued to Lasercare. Under Illinois law, the question whether there is a duty to defend can be made by a court prior to the resolution of the underlying action. See Fremont Compensation Insurance Co.v Ace-Chicago Great Dane Corp., 304 Ill. App. 3d 734, 738. (Ill. App. Ct. 1999). It is only when a duty to defend is found that the duty to indemnify will not be determined until adjudication of the action to be defended. Id. Where no duty to defend is found, the court may also determine there is no duty to indemnify. Id. The underlying third-party complaint alleges Lasercare is liable on a respondeat superior theory. See Case No. 01 C 50441. No issues upon which any party's liability may be based in the underlying action will be determined in this declaratory action. See Hatherley, 250 Ill. App. 3d at 336; Fremont, 304 Ill. App. 3d at 738. (Ill. App. Ct. 1999). The duty to defend determination will be made and any determination of a duty to indemnify will await the decision on the duty to defend. No determination of facts necessary to the underlying case is required. It does not appear beyond doubt that West Bend can prove no set of facts to support the allegations in the declaratory judgment complaint. Strasburger, 143 F.3d at 359.

For the foregoing reasons, Campa's motion to dismiss is denied.

---

[1] Although Campa's Motion to Dismiss does not specify what section of Rule 12(b) it is trying to dismiss under, the argument by Campa seems to be dismissal for failure to state a claim upon which relief can be granted, Rule 12(b)(6).